1813.

*Philadelphia,*
*Tuesday,*
July 6.
A second rule
of arbitration
cannot be enter-
ed without con-
sent of parties,
until the first
is discharged
by order of the
Court.

On the 22d of *July* 1812, a second rule of reference was entered by the plaintiff, and served on the defendant; arbitrators were chosen *ex parte* on the 1st of *August*, and on the 8th of *September*, an award was filed in favour of the plaintiff, the defendant not having attended.

---

*Philadelphia,*
*Wednesday,*
July 7.
This Court can-
not discharge an
insolvent debt-
or, who is in
confinement
under process
from the Dis-
trict Court for
the city and
county.

## *Ex parte* OGLE.

THE petitioner was committed to the debtors' apartment, by execution from the District Court for the city and county of *Philadelphia*, returnable to the next *September* term; and on a previous day of this adjourned court, he presented his petition for the benefit of the insolvent laws. He was now brought up for a hearing.

*Phillips* and *Shoemaker* for the creditor, objected, that this

Court had no authority to discharge, 1. Because the act of 1729 required that the petition should be presented to the Court from whence the process issued: 2. Because the return day of the execution had not yet arrived. *Henderson* v. *Allen* (a).

*E. S. Sergeant* and *Ewing* for the petitioner, answered, 1. That the expressions of the act of 1729, had always been taken with this qualification, that the Court from which the process issued, had power to discharge; but where it had not, this Court *ex necessitate* had interfered, as in the case of executions from the Alderman's Court formerly, and from justices of the peace. The District Court after solemn argument have decided that they cannot discharge under the insolvent law; and unless this Court interposes, the petitioner must lie in gaol for ever. The act of the 3d of *April* 1794, enlarges the power of the Supreme Court, by authorizing it to discharge all persons who may be imprisoned for debt. 2. The objection that the writ is not returned, is not of the slightest importance. The case cited does not support it, and as far as it goes speaks of the practice merely in the Common Pleas.

TILGHMAN C. J. The great difficulty in this case is the question of jurisdiction. The act of 1729 is express, that application shall be made to the Court from which the process issued; and reason is in its favour, as they have a control over their process, and it is by their order that the insolvent has been imprisoned. The act of 1794 makes no change in this respect. It merely increases the amount from which the respective Courts may grant a discharge; but at the same time directs that it shall be granted in the same manner and upon the same terms, as is directed by former laws, thereby expressly referring to them as a guide. I know of no general power of this Court to discharge all debtors; the power which we have, we take from the acts before mentioned, and from those only. Had not the District Court decided the point, I should have thought the act of 1729 was incorporated with the act by which the Court was created; but be this as it may, we have no authority to assume jurisdiction, because another Court has it not.

PER CURIAM.                    Petitioner remanded.

(a) 1 *Dall.* 149.